**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 23-4228**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SAMUEL ELIJAH JENRETTE, a/k/a Sammy,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:21-cr-00293-D-1)

———————————

Submitted:  January 30, 2024                    Decided:  February 5, 2024

———————————

Before KING, AGEE, and THACKER, Circuit Judges.

———————————

Affirmed in part, dismissed in part, and remanded by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Peter M. Wood, LAW OFFICE OF PETER WOOD, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Elijah Jenrette pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute cocaine and cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (Count 1), and distribution of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count 4).  The district court sentenced Jenrette to concurrent terms of 216 months' imprisonment.  On appeal, Jenrette's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but asking this court to review the underlying proceedings for error.  Jenrette was informed of his right to file a pro se supplemental brief, but he has not done so.  The Government has moved to dismiss the appeal pursuant to the appellate waiver in Jenrette's plea agreement.  We affirm in part, dismiss in part, and remand for correction of a clerical error.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver."  *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances."  *Id.*  "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."  *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record confirms that Jenrette knowingly and intelligently waived his right to appeal his conviction and sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal that are outside the scope of Jenrette's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We otherwise affirm. We remand this case, however, so that the district court may amend the criminal judgment to include a citation to the statute, the nature of the offense, and the offense end date for Count 4 in the section of the judgment listing the offenses for which the "defendant is adjudicated guilty." *See* Fed. R. Crim. P. 36 (addressing correction of clerical errors).

This court requires that counsel inform Jenrette, in writing, of the right to petition the Supreme Court of the United States for further review. If Jenrette requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jenrette. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART,*
*AND REMANDED*

3